IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID B. MARTINEZ,

       Plaintiffs,

vs.                                   No. CIV 00-1218 MV/LCS

BURLINGTON NORTHERN & SANTA FE RAILWAY
COMPANY and MESSER CONSTRUCTION CO., INC.,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Defendant Messer Construction Company, Inc.'s Motion to Dismiss filed January 4, 2001 **[Doc. No. 30]** and on Defendant Burlington Northern & Santa Fe Railway Company's Motion for Leave to Amend Answer to Assert Cross-Claim Against Messer Construction Company, Inc. filed April 10, 2001 **[Doc. No. 45]**.  The Court, having considered the motions, responses, replies, relevant law, and being otherwise fully informed, finds that Defendant Messer Construction Company, Inc.'s Motion to Dismiss is not well-taken and will be **DENIED** and that Defendant Burlington Northern & Santa Fe Railway Company's Motion for Leave to Amend Answer to Assert Cross-Claim Against Messer Construction Company, Inc. will be **DENIED** as moot.

## BACKGROUND

Plaintiff David B. Martinez filed this action against his employer, Burlington Northern & Santa Fe Railway Company (hereinafter "BNSF"), and against one of BNSF's contractors, Messer Construction Company, Inc. (hereinafter "Messer"), asserting that both defendants are

liable for an injury that he allegedly sustained while working on a BNSF worksite in Carlsbad, New Mexico.  Specifically, Plaintiff alleges that he was working on the job as a BNSF employee when an employee of Messer, who was driving a forklift, dropped a heavy air compressor on him. Plaintiff seeks damages against BNSF under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, and against Messer under a theory of common law negligence.

Plaintiff filed his initial complaint on August 22, 2000.  On January 4, 2001, Messer filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and under Fed. R. Civ. P. 12(b)(1) and (h)(3) for lack of subject matter jurisdiction.  Shortly thereafter, Plaintiff sought to amend the complaint.  Leave was granted by Order entered March 30, 2001 and Plaintiff filed an amended complaint on April 6, 2001.  On April 10, 2001, BNSF sought leave to file an amended answer.

## STANDARD OF REVIEW

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff.  *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).

The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the

court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Once responsive pleadings have been filed, a party may amend only by leave of Court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure instruct, and the Supreme Court has emphasized, that "leave is to be freely given when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178 (1962). A Court may refuse leave to amend "for various reasons including 'undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, [and] futility of amendment.'" *Maya v. General Motors Corp.*, 953 F.Supp. 1245, 1250 (D.N.M. 1996) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

3

## DISCUSSION

**Failure to state a claim.**  Defendant Messer contends that the complaint must be dismissed for failure to state a claim because Plaintiff has alleged only that Defendants are liable under the FELA and because Messer is not subject to liability under the FELA.  Messer correctly notes that in order to establish liability under the FELA, a plaintiff must show that the defendant was a common carrier by railroad and that the plaintiff was the defendant's employee.  45 U.S.C. § 51 (1986).  Plaintiff concedes that Messer is not subject to liability under the FELA because it is not a common carrier by railroad and because Plaintiff was not Messer's employee.

In his amended complaint, however, Plaintiff clearly sets forth a cause of action for common law negligence against Messer.  Messer filed its motion to dismiss prior to the filing of the amended complaint; therefore, Messer was presumably basing its arguments on the allegations set forth in the intial complaint.  To the extent that Plaintiff failed to state a claim against Messer in its initial complaint, however, he clearly remedied this by stating a common law negligence claim in the amended complaint.  Therefore, the motion to dismiss must be denied to the extent that it seeks dismissal for failure to state a claim.

**Subject matter jurisdiction.**  Plaintiff asserts two bases for the Court's subject matter jurisdiction over its claim against Messer: pendent party jurisdiction, *see* 28 U.S.C. § 1367(a), and jurisdiction based on diversity of citizenship, *see* 28 U.S.C. § 1332(a).  Messer maintains that neither basis for jurisdiction exists here.  The Court finds that it has jurisdiction over the claim based on § 1367(a).  Therefore, the Court declines to make a determination as to whether it has subject matter jurisdiction based on diversity of citizenship.

28 U.S.C. § 1367(a) authorizes federal district courts to exercise supplemental jurisdiction

over pendant claims and parties. This means that § 1367 "makes pendent party jurisdiction possible where the claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party." *Kirschner v. Klemons*, 225 F.3d 227, 239 (2nd Cir. 2000). Here, it is undisputed that the Court has federal subject matter jurisdiction, *see* 28 U.S.C. § 1331, over Plaintiff's FELA claim against BNSF. Moreover, it is undisputed that Plaintiff's allegations arise from the same set of factual circumstances as his allegations against BNSF. Therefore, the Court has jurisdiction, under § 1367(a), over the claim in question.

Messer argues that the Court should decline to exercise supplemental jurisdiction under § 1367(c)(4), which provides that "the district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). In support of this contention, Messer argues that exceptional circumstances exist here in that the standard for establishing common law negligence is higher than that for establishing liability under the FELA, and that there is a danger of prejudice to Messer because a jury is likely to confuse the two standards.[1]

The Court does not find these reasons to be sufficiently "compelling" to justify a refusal to exercise supplemental jurisdiction. The statute clearly states that where other claims are "so related to claims in the action within original jurisdiction that they form part of the same case or

---

[1]Messer argues that the most critical differences between the FELA and New Mexico's rules regarding common law negligence are that the proximate cause requirement is relaxed in FELA cases and that the doctrine of pure comparative fault does not apply in FELA cases. *See Duron v. The Western Railroad Builders Corp.*, 856 F.Supp. 1538 (D.N.M. 1994); *Thornton v. The Atchison, Topeka & Santa Fe Railway Co.*, 11 F.Supp.2d 1311 (D.N.M. 1997); *Ruiz v. Southern Pac. Transp. Co.*, 97 N.M. 194, 638 P.2d 406 (Ct. App. 1981).

controversy," the district court *shall* have supplemental jurisdiction. 28 U.S.C. § 1367(a) (emphasis added). The court may decline to exercise jurisdiction only under the circumstances listed in § 1367(c)(1)-(3) which, Messer concedes, do not apply here, or when there are "exceptional circumstances" and "compelling reasons" to do so. 28 U.S.C. § 1367(c)(4). *See Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545 (9th Cir. 1994). Such circumstances are presented, for example, when the state claims predominate and when there is a novel issue of state law. *See Vera-Lozano v. International Broadcasting*, 50 F.3d 67, 70 (1st Cir. 1995). Absent such compelling reasons, declining to exercise supplemental jurisdiction is error where joint adjudication serves the interest of judicial economy. *Id.*

Here, the Plaintiff's claims against Messer clearly arise from the same set of facts as his claims against BNSF. The state claims do not predominate, nor is there any contention that they present a novel question of state law. Moreover, the Court is satisfied that a jury will be able to discern the different standards for establishing liability and to apply those standards correctly. Finally, the Court finds that joint adjudication serves the interest of judicial economy in this case because the claims are so related that it would be wasteful to require two separate trials. Accordingly, the motion to dismiss for lack of subject matter jurisdiction will be denied.

**Leave to amend.** As noted *supra*, Plaintiff was granted leave to amend his complaint and an amended complaint was filed on April 6, 2001. The Order granting Plaintiff leave to amend requires Defendants to file answers to the amended complaint by April 30, 2001. Thus, BNSF will have an opportunity to file a new answer and may assert its cross-claim in that answer. As BNSF correctly observes in its Memorandum in Support of its Motion for Leave to Amend, the

current motion has become moot.  BNSF's motion for leave to amend will therefore will be denied on that basis.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Messer Construction Company, Inc.'s Motion to Dismiss **[Doc. No. 30]** is hereby **DENIED**; Defendant Burlington Northern & Santa Fe Railway Company's Motion for Leave to Amend Answer to Assert Cross-Claim Against Messer Construction Company, Inc. **[Doc. No. 45]** is hereby **DENIED AS MOOT**.

_____
MARTHA VAZQUEZ
United States District Judge

Attorney for Plaintiffs
        Mel v. O'Reilly
        Mark T. Berry

Attorneys for Defendants
        Earl E. DeBrine, Jr.
        Tim L. Fields
        William P. Gralow
        Lisa Entress Pullen